14-4208-cr(L)
*United States v. Greenberg*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand sixteen.

Present:   CHESTER J. STRAUB,
           DEBRA ANN LIVINGSTON,
           DENNY CHIN,
                *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

                *Appellee*,

           v.                                          14-4208-cr(L),
                                                       14-4278-cr(CON)

DANIEL GREENBERG,

                *Defendant-Appellant*.

_____

For Appellee:                  CHARLES N. ROSE, David C. James, Walter M. Norkin, Assistant United States Attorneys, New York, N.Y., *for* Robert L. Capers, United States Attorney for the Eastern District of New York, *for the United States of America*.

For Defendant-Appellant:       ERIC M. CREIZMAN, Creizman PLLC, New York, N.Y., *for Daniel Greenberg*.

1

Appeal from a corrected judgment of conviction and order of forfeiture in the United States District Court for the Eastern District of New York (Spatt, *J.*), entered on November 7, 2014.

**UPON DUE CONSIDERATION WHEREOF, it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction of Defendant-Appellant Daniel Greenberg is **AFFIRMED**.

This criminal action stems from a series of unauthorized credit card charges from Greenberg's digital retail company, Classic Closeouts, LLC ("CCL"). Following a jury trial, Greenberg was convicted of all thirteen counts in the Superseding Indictment: wire fraud, in violation of 18 U.S.C. § 1343 (Counts 1-8); access device fraud, in violation of 18 U.S.C. §§ 1029(a)(5) and 1029(c)(1)(A)(ii) (Count 9); aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b), 1028A(c), and 1028A(c)(5) (Count 10); and money laundering in violation of 18 U.S.C. § 1957(a) (Counts 11-13). We describe in detail the facts and procedural history of this case in a concurrently published opinion.

On appeal, Greenberg brings six claims relating to: (1) sufficiency of the evidence; (2) the admission of lay opinion testimony; (3) comments made by the Government during summation; (4) jury instructions; (5) his Sentencing Guidelines calculation; and (6) the factual basis for the restitution order.[1] We have carefully considered the claims enumerated here and, after a thorough review of the record, we conclude that they are without merit. One issue, however, merits further discussion.

---

[1] We address two additional issues — whether the district court erred in denying Greenberg's motion to dismiss on the basis of spoliation of evidence, and whether the district court erred in denying the motion to dismiss the wire fraud counts for lack of convergence — in an opinion issued simultaneously with this summary order, in which we conclude that the district court did not err in either regard.

\*     \*     \*

Greenberg argues that he was deprived of a fair trial because of prosecutorial misconduct. Specifically, he claims that the Government made improper comments during its summation by (1) "repeatedly refer[ring] to 'lies' Greenberg made in written communications during the alleged fraud;" (2) "describ[ing] defense counsel's opening statements to the jury as either 'a lie' or 'a bunch of lies;'" and (3) "bolster[ing] the credibility [of the] government's witnesses by comparing their testimony with Greenberg's constitutionally-protected decision not to testify at trial." Greenberg Br. 49-50 (emphasis omitted). At the close of summations Greenberg objected and made a motion for a mistrial.[2] Judge Spatt denied the motion, noting that this "was one of the most innocuous closing statements [he] ha[d] heard." App'x 614. The district court added: "There was nothing wrong with [the prosecutor's] closing arguments. It was perfectly proper in all respects. In my view, maybe too proper." *Id.*

On appeal, Greenberg challenges this determination, arguing that "[i]n its closing arguments, the prosecution made inflammatory and prejudicial comments that deprived Mr. Greenberg of his right to a fair trial." Greenberg Br. 48. We review the district court's denial of a motion for mistrial for abuse of discretion. *See United States v. Canova*, 412 F.3d 331, 348 (2d Cir. 2005). "'Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding.'" *United States v. Elias*, 285 F.3d 183, 190 (2d Cir. 2002) (quoting *United States v. Young*, 470 U.S. 1, 11-12 (1985)). Rather, a defendant seeking reversal on this basis must establish that

---

[2] In making that motion, Greenberg identified three comments as "very prejudicial and inappropriate," warranting a mistrial. App'x 614. We note, however, that in Greenberg's contemporaneous objection and motion, his identification of the offending comments differed from how he has identified them in this appeal. Because we conclude that Greenberg's argument is without merit whether reviewed pursuant to an abuse of discretion standard or for plain error, we may assume that the argument was properly presented in its entirety.

3

"the prosecutor['s] comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). To that end, the defendant bears a substantial burden because he must show that "the remarks caused the defendant substantial prejudice" to provide grounds for reversal. *United States v. Rosa*, 17 F.3d 1531, 1549 (2d Cir. 1994). In considering whether prosecutorial misconduct caused "substantial prejudice," we weigh three factors: "[1] the severity of the misconduct, [2] the measures adopted to cure the misconduct, and [3] the certainty of conviction absent the misconduct." *Elias*, 285 F.3d at 190. Here, we conclude that the comments Greenberg identifies do not rise to the level of a due process violation.

First, as to the prosecutor's references to Greenberg's "lies," we conclude that the challenged conduct was in no way severely improper so as to amount to a denial of due process. The Government's repeated references to "'lies' Greenberg made in written communications during the alleged fraud," Greenberg Br. 49, fall within the broad latitude that prosecutors are afforded during summation, and, in particular, are tailored, in this fraud prosecution, to the circumstances of the case, given Greenberg's contradictory explanations regarding the unauthorized credit card charges. *See, e.g.*, *United States v. Peterson*, 808 F.2d 969, 977 (2d Cir. 1987) (noting that the use of the words "liar" or "lie" is not improper depending on context and whether the use is excessive or inflammatory); *United States v. Henry*, 2015 WL 861743, at *5 n.5 (E.D.N.Y. Feb. 27, 2015) (finding that government's use of the term "lies" 55 times in summation was not excessive or inflammatory "when viewed in context"). We thus discern no error in the prosecution's references to Greenberg's written communications.

Greenberg also raises the issue of the Government "describ[ing] defense counsel's opening statements to the jury as either 'a lie' or 'a bunch of lies.'" Greenberg Br. 49 (emphasis omitted). The Government "[c]oncededly, in retrospect" admits that it "should have chosen different language to make its meaning clearer." Gov't Br. 52. In the broader context, however, these remarks referred to the substance of what defense counsel represented in his opening remarks regarding Greenberg's position as to the source of the unauthorized charges, and were not meant to suggest that counsel himself was responsible. Such remarks were not sufficiently inflammatory to have plainly infected the entire trial proceedings — a point only underscored by the fact that the defense failed to object at the time.

Greenberg next argues that the Government improperly "attempted to bolster the credibility [of the] [G]overnment's witnesses by comparing their testimony with Greenberg's constitutionally-protected decision not to testify at trial." Greenberg Br. 50. He contends that the Government made what "amount[ed] to a direct comment on Mr. Greenberg's failure to testify at trial." *Id.* at 52. It is difficult, however, to understand how Greenberg makes this logical leap. Greenberg claims that the Government implied that he lied by saying that its witnesses should be believed because they withstood cross-examination. But the record does not support this implication. The Government was merely emphasizing the point that its witnesses had ably withstood cross, which is not itself impermissible. That Greenberg elected not to testify is of no matter — that choice does not render the Government's remarks severely inappropriate.

We note that the district court mitigated any possible prejudice from the prosecutor's remarks by instructing the jury on several points that are relevant to the conduct of which Greenberg complains. The district court explained to the jury that it had the sole role of

determining the facts, App'x 616, and, critically, that statements of counsel are *not* evidence, *id.* at 617. It also explained the presumption of innocence, and specified to the jury that, under the Constitution, Greenberg had "no obligation to testify or to present any other evidence because it is the prosecution's burden to prove the defendant's guilt beyond a reasonable doubt." *Id.* at 620. The court reiterated the point, explaining to the jury that it could "not attach any significance to the fact that the defendant, Daniel Greenberg, did not testify." *Id.* Further, "no adverse inference against him" could be drawn "because he did not take the stand" and the jury could "not consider this against the defendant in any way [during] deliberations in the jury room." *Id.* Thus, to the extent that there was any impropriety associated with the comments, particularly in light of the strength of the evidence presented to the jury at Greenberg's trial, the district court took sufficient measures to cure it. *See United States v. Modica*, 663 F.2d 1173, 1181 (2d Cir. 1981) ("[I]f proof of guilt is strong, then the prejudicial effect of the comments tends to be deemed insubstantial…"). We conclude that the district court did not abuse its discretion in denying Greenberg's motion for a mistrial.

\* \* \*

We have considered Greenberg's remaining claims and find them to be without merit. Accordingly, we **AFFIRM** the judgment of conviction of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6